IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS C. TOWNSEND,

    Petitioner,

vs.                                                      No. Civ. 97-1366 LH/WWD

JOE R. WILLIAMS, Warden,

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.   THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed March 27, 1998 [23-1]. Petitioner, who is currently incarcerated and is proceeding *pro se* and *in forma pauperis*, has an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 pending before this Court. Petitioner is confined pursuant to the judgment, sentence and commitment of the County of San Juan in the District Court of the State of New Mexico.

    2.   Petitioner was initially charged with four counts of sexual exploitation of a minor, two counts of sexual contact of a minor, one count of tampering with evidence, and one count of conspiracy to commit sexual exploitation of a minor. <u>RP, Grand Jury Indictment</u>.[1]  He eventually pled guilty to four counts of attempted criminal sexual exploitation of a minor, as charged in the amended indictment. <u>Ans., Ex. B</u>.  The district court judge sentenced him to three years on each of the four counts (12 years total) and a maximum exposure to eight years for each of the first two counts by virtue of Petitioner being found to be a habitual offender (16 total), for a possible

---

    [1] I refer to selected portions of the Record Proper where appropriate.

maximum sentence of twenty-eight (28) years.  Ans., Exs. A, B.[2]

      3.  Petitioner alleges four grounds for relief in his petition:

          (1) that his due process rights were violated when he was not served with an amended indictment which was signed by the jury foreman and the assistant district attorney;

          (2) that his due process rights were violated when he agreed to a mandatory sentence of eight years but was sentenced to twenty-eight years;

          (3) that there was insufficient evidence to support the plea and disposition agreement and to support a conviction of counts three and four;

          (4) that the sentence of twenty-eight years violates the Double Jeopardy Clause.

**First Ground for Relief - Unsigned Indictment**

      4.  Petitioner asserts that his due process rights were violated when he entered a plea without having been served with a copy of the amended Grand Jury Indictment which was signed by the jury foreman and the assistant district attorney.   This allegation does not contain any basis for a viable constitutional claim.  A signed copy of the amended indictment was not required in these circumstances in order to protect Petitioner's constitutional rights.  Petitioner signed the plea agreement and also initialed the paragraph which states that the agreement "serves to amend the complaint, indictment or information to charge the offense. . . without the filing of any additional pleading."  Ans., Ex. B, ¶ 3.   This effectively waived any objection to the form of the amended indictment.  Petitioner does not otherwise challenge the validity of the plea in that it was uncounseled or involuntary.  See RP, Guilty Plea Proceedings Per N.C. v. Alfred, Dec. 9, 1994

---

[2]  The Record Proper contains an unnumbered copy of a "Corrected Judgment, Sentence and Order and Commitment to the Penitentiary," dated five months later than the original Judgment, Sentence and Order and Commitment of March 30, 1995.  It differs from the earlier document only in that Petitioner would be given credit of 180 days for pre-sentence confinement.

(unnumbered pages).

    5.   Also, the fact that the amended indictment was not signed does not add merit to Petitioner's claim.  Such technical errors, without a showing that substantial rights are affected, do not offend constitutional standards.  See SCRA 1986, Rule 5-204;[3] see also, e.g., State v. Lucero, 79 N.M. 131, 440 P.2d 806 (Ct. App. 1968) (indictment not "fatally defective" where there were technical errors concerning street address and legal name of owner of burglarized residence).  Defendant has not shown any prejudice resulting from not having been served with a signed amended indictment.  State v. Cutnose, 87 N.M. 307, 309 (Ct.App. 1974) (defendant required to show prejudice due to a defect, error, or omission in an indictment).  In fact, the plea agreement entered into by Petitioner effectively and substantially reduced the charges against him.  Relief should not be granted on this ground.

**Second Ground for Relief - Plea Agreement & Due Process Violation**

    6.   Petitioner contends that his due process rights were violated when he agreed to a mandatory sentence of eight years but was sentenced to twenty-eight years.  I find nothing in the record which even suggests that Petitioner's maximum total exposure was eight years.  On the contrary, the state district court sentenced him according to the plea and disposition agreement, which states that "[p]enalty exposure [is] twelve (12) years on the underlying charges . . [and exposure] to a maximum sentence of sixteen (16) years by virtue of being an Habitual Offender."  Ans., Ex. B at 1.  The fact that the judge opted for the maximum amount of exposure does not

---

    [3]  The statute reads: "A complaint, indictment or information shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, because of any defect, error, omission, imperfection or repugnancy therein which does not prejudice the substantial rights of the defendant upon the merits."

violate Petitioner's due process rights.[4]  Relief should be denied on this ground also.

**Third Ground for Relief - Insufficient Evidence**

7.  Petitioner next claims that there was insufficient evidence to support the plea and disposition agreement and to support a conviction of counts three and four.  The merits of this claim need not be examined.  Having entered a valid plea of guilty, Petitioner waived all nonjurisdictional defenses.  United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990) (citing Duncan v. Louisiana, 391 U.S. 145, 158 (1968)).  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  See, U.S. v. Davis, 900 F.2d 1524, 1526 (10th), cert. den., 498 U.S. 856 (1996); RP, plea hearing dated Dec. 9, 1994.  Thus, I find that relief should be denied on this ground also.

**Fourth Ground for Relief - Double Jeopardy**

8.  Last, Petitioner alleges that the sentence of twenty-eight years violates the Double Jeopardy Clause.  Construing Petitioner's somewhat vague allegations liberally, it appears that he challenges the imposition of "multiple punishments" for what he considers to be a "single transaction."  Petition at 10-A.

9.  In New Mexico, multiple convictions may result from a single criminal episode if more than one individual was harmed.  See State v. Landgraf, 121 N.M. 445, 913 P.2d 252 (Ct. App.)

---

[4] The state record indicates that the district judge sentenced Townsend to the maximum sentence having found the case to be "the most despicable case in my history."  RP 55, Sentencing Proceeding, March 22, 1995 (referring to Tape 2 of the sentencing hearing).

(affirming convictions on three counts of vehicular homicide resulting from single incident of driving recklessly while intoxicated), cert. denied, 121 N.M. 375, 911 P.2d 883 (1996); see also Herron v. State, 111 N.M. 357, 361, 805 P.2d 624, 628 (1991) (stating in dicta that "multiple victims will likely give rise to multiple offenses"); cf. State v. Moore, 109 N.M. 119, 128, 782 P.2d 91, 100 (Ct. App.) (citing with approval cases that hold that multiple convictions for offenses arising from single act are proper and affirming conviction for two robberies and false imprisonment of couple who were in store at same time store was robbed), cert. denied, 109 N.M. 54, 781 P.2d 782 (1989); cmp., State v. James, 631 P.2d 854, 855-56 (Utah 1981) (stating that "offenses committed against multiple victims are not the same for double jeopardy purposes even though they may arise from the same criminal episode").

10. In this case, Townsend pled to four separate counts of attempted Sexual Exploitation of a Minor, each one involving a different child under the age of thirteen. RP, Grand Jury Indictment.[5] When an accused enters a plea of guilty, he is admitting guilt of a substantive crime. United States v. Broce, 488 U.S. 563 (1989). A defendant who pleads guilty to four counts with facial allegations of distinct offenses is conceding that he has committed four separate crimes. Id. Petitioner's double jeopardy rights were not violated with the imposition of three years for each substantive count.

11. Although Petitioner does not allege a double jeopardy violation specific to the enhanced sentence imposed under the habitual offender statute, I briefly consider the issue

---

[5] Between the period of time on or about March 26, 1994 and April 20, 1994, Petitioner pled to counts of attempted criminal sexual exploitation against Cynthia Valdez and Melissa Valdez. Between the period of time on or about September 1, 1993 and April 20, 1994, he pled to counts involving Rachel Adair and Michelle Adair. The underlying acts involved either the sexual act, stimulation or visual recording of the acts.

separately because of his *pro se* status and because his allegation challenges the entire twenty-eight years of his sentence. Nevertheless, Petitioner's claim fails here as well. The imposition of two habitual offender enhancements does not constitute a second prosecution, resulting in a second punishment for the same offense. Further, New Mexico's habitual offender statute does not create a new offense and thus "the procedure that it mandates is merely a sentencing procedure, not a trial." Montoya v. Shanks, 55 F.3d 1496, 1498 (10th Cir. 1995). Therefore, relief should be denied on the basis of Petitioner's fourth ground.

12. In his brief, Petitioner raises for the first time an issue regarding the imposition of consecutive sentences.[6] Although I need not address an issue not raised in the petition, I consider it briefly only to dismiss it as a matter which is not cognizable under § 2254. Petitioner notes that the common-law rule in effect in New Mexico is that two or more sentences are to be served concurrently unless otherwise ordered by the court. State v. Mayberry, 97 N.M. 760, 762 (Ct.App. 1982) (the trial court has discretion to require sentences to be served consecutively).

13. Petitioner does not have a constitutional right to a concurrent sentence. United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983). Therefore, Petitioner's claim does not rise to the level of a constitutional claim where the sentencing judge was acting within his discretion and where the imposition of consecutive sentences does not offend constitutional sensibilities of due process.

## Recommendation

I recommend that Respondent's Motion to Dismiss [23-1] be granted and that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this cause

---

[6] Sentences in each of the four counts were imposed consecutively. Ans., Ex. A.

be dismissed with prejudice.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE